IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**OTIS MCALLISTER**,

**Plaintiff,**

v.

**WARDEN CROSS,**

**Defendant.**                                             **No. 12-0005-DRH**

ORDER

**HERNDON, Chief Judge:**

Petitioner Otis McAllister, a prisoner confined at FCI Greenville, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241(Doc. 1). In his petition, McAllister challenges his placement in protective custody in the segregation unit for his own personal safety. He claims that his safety has been endangered after an FBI agent disclosed his name to the press after he provided information to the FBI about an impending bank robbery which lead to the arrest and indictment of three individuals. He requests immediate release from unlawful confinement as he will not be safe in general population in any prison. Petitioner does not seek to challenge his underlying conviction in this proceeding.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

direct the clerk to notify the petitioner." RULES GOVERNING § 2254 CASES IN THE U.S. DIST. CTS. R. 4 (2010). Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. *Id.* R. 1(b). After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

A prison or jail disciplinary action can only be challenged in a habeas corpus proceeding where it lengthens the duration of the petitioner's confinement, *Hadley v. Holmes,* 341 F.3d 661, 664 (7th Cir. 2003), such as where the inmate loses good time credits. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The Fourteenth Amendment's due process clause does not provide prisoners due process protections from sanctions that do not effect the duration of their confinement. *Sandin v. Conner,* 515 U.S. 472, 487, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and sanctions that do not affect the duration of his sentence). "The difference between a prison's general population and segregation does not implicate a liberty interest and therefore could not be 'custody' for purposes of § 2255." *Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir. 1998) Prisoners may not use habeas to challenge prison disciplinary sanctions that do not effect the duration of their confinement. *Id.*

McAllister also asserts that his placement in administration segregation violates the Eighth Amendment as cruel and unusual punishment. These claims are not permitted in a habeas corpus petition. *See* 28 U.S.C. § 2241(c)(3); *Glaus v.*

*Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005); *Williams v. Wisconsin*, 336 F.3d 576,579 (7th Cir. 2003); *DeWalt v. Carter*, 224 F.3d 607,617 (7th Cir. 2000); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). However, McAllister can raise them in an action pursuant to 42 U.S.C. § 1983. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (A habeas corpus is the sole federal remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release; an inmate who challenges the conditions of his confinement must file a § 1983 action). Accordingly, the Court will direct that the clerk enclose the materials necessary to file a § 1983 action along with the copy of this Order sent to the petitioner.

For the foregoing reasons, the Court **DISMISSES** McAllister's habeas corpus petition pursuant to 28 U.S.C. § 2241. The Court **DIRECTS** the Clerk to enclose the materials necessary to file a § 1983 action along with a copy of this Order to McAllister.

**IT IS SO ORDERED.**

Signed this 9th day of August, 2012.

                                          **Chief Judge**
                                          **United States District Court**